**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 11-4579**

―――――――――

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

KEVIN MYELL SLADE,

                Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, District Judge.  (4:08-cr-00003-FL-1)

―――――――――

Submitted: January 20, 2012     Decided: February 6, 2012

―――――――――

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

R. Clarke Speaks, SPEAKS LAW FIRM, PC, Wilmington, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Myell Slade pled guilty without a plea agreement to one count of conspiracy to distribute and to possess with the intent to distribute fifty grams or more of cocaine base and five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (2006). The district court sentenced Slade to 293 months' imprisonment, a sentence resulting from the court granting an upward departure under U.S. Sentencing Guidelines Manual ("USSG") § 4A1.3(a), p.s., from his advisory Guidelines range of 210 to 262 months' imprisonment.[1] On appeal, Slade challenges this sentence, arguing that it is unreasonable because the district court failed to specify in writing the reasons why it imposed the upward departure. Slade also challenges both the reasonableness of the court's decision to depart above his advisory Guidelines range and the reasonableness of the extent of the departure. We affirm.

As we have explained, "no matter what provides the basis for a deviation from the Guidelines range[,] we review the resulting sentence only for reasonableness." United States v. Evans, 526 F.3d 155, 164 (4th Cir. 2008). In doing so, we apply

---

[1] We previously vacated the district court's imposition of a 365-month sentence and remanded for resentencing. United States v. Slade, 631 F.3d 185, 192 (4th Cir.), cert. denied, 131 S. Ct. 2943 (2011).

an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In assessing a sentencing court's decision to depart from a defendant's Guidelines range, this court considers "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). We will find a sentence to be unreasonable if the sentencing court "provides an inadequate statement of reasons or relies on improper factors in imposing a sentence outside the properly calculated advisory sentencing range." Id.

Slade first argues that his sentence is unreasonable because the district court failed to specify in writing the reasons why it imposed the upward departure, in accordance with USSG § 4A1.3(c)(1), p.s. We conclude, however, that any error by the district court in this respect is harmless. The district court orally explained its considered reasons for imposing the upward departure and nothing in the record indicates that, but for the court's failure to reduce these reasons to writing, Slade would have received a lesser sentence. Accordingly, this contention affords Slade no relief.

Next, Slade argues that a sentence within the pre-departure Guidelines range would have been sufficient to achieve the purposes of sentencing and the court thus abused its

3

discretion in departing upwardly from that range.  We conclude that the district court acted reasonably in imposing the upward departure.   The court utilized USSG § 4A1.3(a), p.s., to increase Slade's criminal history from Category V to VI. Pursuant to this provision, a district court may depart upward from an applicable Guidelines range if "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes."  USSG § 4A1.3(a)(1), p.s. To determine whether a departure is appropriate in such circumstances, the court may consider, among other factors, prior sentences not used in computing the defendant's criminal history category and prior, similar adult criminal conduct not resulting in conviction.   USSG § 4A1.3(a)(2)(A), (E), p.s. Slade's multiple unscored convictions not included in his criminal history calculation and lengthy criminal history replete with recidivism qualify as bases for departure under this provision.   The district court further concluded that Slade's conduct warranted a Category VI criminal history.  We discern no abuse of discretion in that conclusion.

Slade also argues that the district court abused its discretion in finding that such an extensive departure was warranted in this case.  However, we conclude after review of

4

the record that the court's sentencing decision is reasonable in light of Slade's long history of recidivism, which reflects his disrespect for the law, and the need for the sentence to protect the public and to deter Slade. The court's consideration of relevant 18 U.S.C. § 3553(a) (2006) factors[2] and articulation of its reasons for departing from the Guidelines range support our decision to defer to the district court's determination as to the extent of the departure. See United States v. Diosdado-Star, 630 F.3d 359, 366-67 (4th Cir.), cert. denied, 131 S. Ct. 2946 (2011) (affirming substantive reasonableness of variance sentence six years greater than the Guidelines range because it was based on the district court's thoughtful examination of relevant § 3553(a) factors).

Accordingly, we affirm the district court's amended judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[2] Slade contends that the district court failed to "acknowledge" and "properly consider" his conduct and behavior in prison. We conclude that this contention is without merit. The record makes clear that the district court fully considered Slade's conduct and behavior in prison in deciding whether to impose a departure.

5